UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN WILEY & SONS, INC.** | |
| **Plaintiffs,** | Civ. No. 13-cv-5524 (KM) |
| v. | **MEMORANDUM OPINION** |
| **CHRISTOPHER BROCK,** | |
| **Defendant** | |

### KEVIN MCNULTY, U.S.D.J.:

### I.   Introduction

This is an action by the victim of a scheme that was the basis of the plea of guilty by defendant, Christopher Brock, to wire fraud, 18 U.S.C. § 1343. Simultaneously with sentencing in the criminal case, Crim. No. 13-566, then-Judge Cavanaugh entered a consent judgment of forfeiture in the amount of $450,000 ("Consent Judgment #1"). Brock does not dispute this; indeed, in the spirit of "Let's Make a Deal," his counsel proposes that I simply enter judgment in that amount and close out the case. (Def. Brf., ECF no. 31 at 12; *see also* Proposed Order, ECF no. 31-2) ("Here is Defendant's plan.") Not so fast, says the plaintiff, John Wiley & Sons, Inc. ("Wiley"). Several months later after the first consent judgment, Judge Martini[1] entered a second consent judgment of forfeiture ("Consent Judgment #2"), signed on behalf of Brock by his counsel. Consent Judgment #2 upped the restitution amount from $450,000 to $721,534.26.[2] It is that higher amount that Wiley seeks here.

---

[1]   The Hon. William J. Martini (called "Martin" in plaintiff's papers) was assigned the criminal case after Judge Cavanaugh's retirement.

[2]   That sum breaks down to $100,000 to Wiley, and $621,534.26 to Wiley's insurer, Federal Insurance Company. Wiley consents to judgment being entered

1

Wiley moves for summary judgment, based on Consent Judgment #2, in the amount of $721,534.26. Brock opposes the motion, contending that Consent Judgment # 2 is fraught with legal and factual issues. In essence, Brock denies that he consented to it. For the reasons stated herein, summary judgment is granted for plaintiff in the amount of $721,534.26.

## II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000).

In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof ... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*,

---

directly in the name of the insurer for the latter amount. I find that Wiley, as the primary victim, has standing *via* subrogation to seek that amount paid out by its insurer on its behalf; this is in substance a pass-through.

477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, ... there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322–23).

### III. Discussion

This is an action for conversion. It alleges that Brock, a textbook sales representative, for five years created fictitious orders for complimentary promotional copies and resold the "free" books. Brock pled guilty to wire fraud in connection with the scheme, and restitution was ordered. Wiley, dissatisfied, has brought suit on its own behalf.

Wiley seeks entry of judgment in its favor, citing the criminal restitution statute:

> At the request of a victim named in a restitution order, the clerk of the court shall issue an abstract of judgment certifying that a judgment has been entered in favor of such victim in the amount specified in the restitution order. Upon registering, recording, docketing, or indexing such abstract in accordance with the rules and requirements relating to judgments of the court of the State where the district court is located, the abstract of judgment shall be a lien on the property of the defendant located in such State in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State.

3

18 U.S.C. § 3664(m)(1)(B). It is not altogether clear why Wiley does not simply obtain entry of judgment from the clerk. Perhaps it seeks to flush out matters that Brock would attempt to raise in enforcement proceedings; perhaps it originally sought damages above those awarded as restitution,[3] but has now lowered its sights. At any rate, it is clear that Wiley now seeks $721,534.26.

Wiley's summary judgment motion, based as it is on a prior order in the criminal case, may be treated as an invocation of *res judicata*. Claim or issue preclusion as between two federal actions is governed by federal standards. Claim preclusion has three essential elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984). Issue preclusion bars relitigation of a legal or factual issue when "(1) the issue ... is the same as that involved in the prior action; (2) the issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment. *Peloro v. United States*, 488 F.3d 163, 174–75 (3d Cir. 2007) (citations omitted)." *SEC v. Lazare Indus., Inc.*, 294 F. App'x 711, 714 (3d Cir. 2008) (barring relitigation of denial of suppression in criminal case in subsequent civil proceeding).

Brock does not really deny that the facts and issues in the criminal case and this one are identical. Nor does he deny that he pled guilty to precisely the scheme that is laid out in this civil complaint, that the judgment of conviction was final, or that his gain (or Wiley's loss) from the fraud was essential to the judgment. He does, however, raise some specialized challenges, falling under the heading of the "actually litigated" or "final judgment" requirements.

**Liability**

Brock first disputes liability. There are problems with that position. First, he admitted in his Answer that he converted and resold the textbooks (while denying knowledge as to the precise number of books or the claimed retail

---

[3] The ad damnum figure in the complaint is $2.8 million.

4

value of $2.8 million). (Answer ¶¶ 2–6) Second, he pled guilty in the criminal case to wire fraud, admitting the scheme to convert and resell the textbooks. (*See* docket in Crim. No. 13-566, ECF nos. 11–15; Judgment of Conviction, ECF no. 16) He now argues that he pled guilty only for strategic reasons as part of a deal, and hence had no "adequate incentive to defend the original action"; his guilty plea, he says, "was a fiction." Hence, he says, his involvement in the scheme was not "actually litigated." (Def. Brf., ECF no. 31 at 7)

I cannot accept this argument, which in any event is made only by an attorney in a brief, and is not supported by any affidavit or evidence. A guilty plea is not a settlement agreement; it encompasses a defendant's fully warned, solemn admission under oath that the defendant is in fact guilty.[4] It is true that *res judicata* will sometimes be denied where a party had little incentive to litigate the earlier action—most commonly, where there was little at stake in the earlier case, or where the issues were only hypothetical at the time. *See generally Brown v. Felsen*, 442 U.S. 127, 134, 99 S. Ct. 2205, 2211 (1979). Here, the opposite is the case. A criminal defendant, facing a hefty prison sentence, obviously has a significant incentive to deny factual liability, if he can.

Brock's guilty plea is the equivalent of a conviction, beyond a reasonable doubt, of wire fraud in connection with the textbook scheme. It will be given effect in this action, where the burden of proof is far lower.

**Damages**

As noted above, Brock does not dispute Consent Judgment #1 (ECF no. 30-3 at 7), in the amount of $450,000. (Def. Brf., ECF no. 31, at 10 ("there is no dispute that adverse parties agreed and executed consents to [Consent Judgment #1] setting a restitution amount of $450,000")) At a minimum, entry of judgment in the amount of $450,000 is required.

In an affidavit, however, Brock contends that he never personally agreed

---

[4] Inspection of the criminal file reveals that this was not an *Alford* plea or a plea of *nolo contendere*.

to Consent Judgment #2, in the amount of $721,534.26. As Brock tells it, he emerged from his prison sentence on January 8, 2015, only to learn that Consent Judgment #2 had been entered without his knowledge. His attorney, he says, never mailed him any documents or correspondence on the subject. (Brock Aff., ECF no. 31-1)

Consent Judgment # 2 reads as follows:

> The parties agreeing that, as it relates to the defendant, the restitution owed in this matter is $621,534.26 to Federal Insurance Company (Claim #ER294280), and $100,000 to John Wiley & Sons, Inc., and for good cause shown, it is on this 13th day of June, 2014,
> ORDERED that the restitution owed to victim Federal Insurance Company (Claim #ER294280) is $621,534.26, and the restitution owed to victim John Wiley & Sons is $100,000, which amounts shall be recorded in the Judgment.
>
> [signed]
> Hon. William J. Martini
> United States District Judge
>
> SEEN AND AGREED:
>
> [signed]
> Daniel V. Shapiro
> Assistant U.S. Attorney
>
> [signed]
> Robert Johnston, Esq.
> Counsel for Christopher J. Brock

(ECF no. 30-2)

Brock does not deny, however, that the order is authentic. He does not deny that Johnston was his attorney, or that Johnston signed this order on Brock's behalf. Nor can he deny that Judge Martini was entitled to rely on the signature of Johnston as Brock's legal representative. *See generally United States v. Lightman,* 988 F. Supp. 448, 464 (D.N.J. 1997) (principal is bound where he has placed agent in position where person of ordinary prudence would assume he had authority). Nor does Brock really say, in so many words, that signing the order was outside the scope of Johnston's authority as agent; he merely complains that Johnston acted without consulting him.

Under 18 U.S.C. § 3664(m)(1)(B), Wiley has a right to entry of judgment based on the existence of the order, which is by its terms recorded in the Judgment of Sentence. To defeat that right, Wiley would have to vitiate the restitution judgment itself. To do that, he had or has certain options, including appeal under 18 U.S.C. § 3742 or a petition pursuant to 28 U.S.C. § 2255, on substantive grounds or based on ineffective assistance of counsel. He has taken no such steps, and has not tested the contention of the plaintiff here that time limits have expired or could not be equitably tolled.

That said, I am not empowered to collaterally attack a criminal judgment in this civil action for damages. The criminal judgment is final unless and until it is vacated or modified by the court that entered it.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment (ECF no. 30) is granted and judgment shall be entered in the form proposed by plaintiff in a total amount of $721,534.26.

The clerk shall close the file.

Dated: August 5, 2016

_____
KEVIN MCNULTY
United States District Judge